MCCULLOCH | KLEINMAN LAW
Kevin P. McCulloch
Nate A. Kleinman
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mkiplaw.com
nate@mkiplaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REYNALDO ROSA, JR.; L.I.S.A. PROJECT NYC,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRISTAN EATON,<br><br>*Defendant.* | Civil Case No. 23-cv-06087<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Reynaldo Rosa, Jr. ("Rosa") and L.I.S.A. Project NYC ("L.I.S.A. Project") (together, "Plaintiffs"), by and through undersigned counsel, hereby demand a trial by jury of all claims and issues so triable, and, as for their Complaint against Defendant Tristan Eaton ("Defendant" or "Eaton") hereby assert and allege as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement and declaratory relief brought by Plaintiffs, the author and exclusive owners of the photographic works at issue, against Defendant for unauthorized and infringing use of the works.

2. Plaintiffs seek damages and other relief related to Defendant's infringement of the copyrights in and to the original photographic works identified herein.

## JURISDICTION AND VENUE

3. Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1331 (conferring jurisdiction for all actions arising under federal law) as well as 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

4. This Court can exercise personal jurisdiction over Defendant because, upon information and belief, he conducts substantial business in the State of New York and in this District, and because a substantial portion of the conduct at issue occurred in New York.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(a) because, upon information and belief, Defendant has substantial contacts in this District, Defendant conducts substantial business within this District, and Defendant infringed Plaintiffs' copyrights within the State of New York and this District as described herein.

## PARTIES

6. Plaintiff Rosa is a resident of New York City.

7. Rosa works as a freelance visual artist, photographer, and co-founder/officer of the Little Italy Street Art ("L.I.S.A.") Project NYC.

8. The L.I.S.A. Project is a volunteer-based 501(c)(3) non-profit organization based in New York City that is dedicated to promoting and cultivating a robust "street art" presence and community in Lower Manhattan.

9. Among other activities, L.I.S.A. Project organizes and provides resources for the creation of public murals, conducts neighborhood tours, hosts community events, and provides mentoring and art supplies to underserved communities throughout New York City.

10. One of Rosa's many roles with L.I.S.A. Project is to photograph and document the creation of its sponsored murals and coordinate with the artists with whom the organization works.

11. Rosa is not paid anything for his work with L.I.S.A. Project.

12. Defendant Eaton is an artist, designer, and entrepreneur who paints large-scale public murals.

13. Upon information and belief, Eaton's artwork has been exhibited in galleries in New York City, Los Angeles, Paris, and Hong Kong, and also included in the permanent collections at the Museum of Modern Art ("MOMA") and Cooper Hewitt Design Museum.

14. Upon information and belief, Eaton is currently a resident of Los Angeles, California.

15. Upon information and belief, Eaton owns and operates a website located at www.tristaneaton.com ("Eaton's Website"), through which he displays and promotes his artwork and also sells various related merchandise.

**GENERAL ALLEGATIONS**

16. In or about August 2013, L.I.S.A. Project coordinated and sponsored the creation of a public mural by Eaton which depicts the actress Audrey Hepburn, located at the corner of Broome and Mulberry Streets in Lower Manhattan (hereinafter, the "Audrey Mural").

17. Plaintiff Rosa took photographs of the Audrey Mural throughout its creation and immediately upon completion, for purposes of documenting the creative process and showcasing the work as part of L.I.S.A. Project's activities. A subset of Rosa's photographs of the Audrey Mural are attached hereto as Exhibit 1, one of which is included below for reference:



18. The photograph displayed above (the "Audrey Photo") is original and unique to Rosa not only for its central composition, flat lighting, and straight-on perspective of the Audrey Mural, but also because of its timing—it was taken immediately upon Eaton's completion of the mural, when the paint was still extremely fresh, and the colors were still bright and clean.

19. Rosa's Audrey Photo also was taken prior to the addition of Eaton's signature/logo, which he painted directly above Audrey's shoulder on the left-hand side, as can be seen in subsequently captured photographs (not taken by Plaintiff) which were published on the website Yelp and included below (for reference only):

 

20.     In or about September 2013, L.I.S.A. Project coordinated and arranged for Eaton to create a second mural, titled "Liberty," located on the corner of Mulberry Street and Canal Street in Lower Manhattan (hereinafter, the "Liberty Mural").

21.     Plaintiff Rosa took several photographs of the Liberty Mural throughout its creation and upon its completion for purposes of documenting and showcasing the work as part of L.I.S.A. Project's activities.

22.     A subset of Rosa's photographs of the Liberty Mural are attached hereto as <u>Exhibit 2</u>, one of which is included below for reference:



5

23. In or about May 2015, L.I.S.A. Project coordinated and arranged for Eaton to create a third mural, titled "Big City of Dreams," located on Broome Street in Lower Manhattan (hereinafter, the "Big City of Dreams Mural").

24. Plaintiff Rosa took several photographs of the Big City of Dreams Mural throughout its creation and upon its completion, for purposes of documenting and showcasing the work as part of L.I.S.A. Project's activities.

25. A subset of Rosa's photographs of the Big City of Dreams Mural are attached hereto as Exhibit 3, one of which is included below for reference:



26. Shortly after each mural was completed, Rosa provided the photographs to Eaton for the limited purposes of displaying them on Eaton's Website/portfolio and social media accounts, and Eaton did subsequently publish and display Rosa's photographs on his Website.

27. Rosa never authorized the reproduction, display, or distribution of his photographs as commercial retail products to be sold by Eaton or anyone else.

28. Rosa was not paid anything by Eaton or L.I.S.A. Project for the creation and/or use of his photographs.

29. In one prior instance, Plaintiffs were paid 50% of the licensing fee requested and paid by an artists' agency, Bernstein & Andriulli, which previously represented Eaton, for the use of one of Rosa's photographs of the Liberty Mural on the cover of a different book intended to feature public murals and other street art.  Upon information and belief, Eaton never objected to such a fee split arrangement.

30. Upon information and belief, Eaton has copied and distributed a cropped version of Rosa's Audrey Photo in numerous commercial products and merchandise, including signed prints, a "sketchbook" which Eaton sells through his Website store, non-fungible tokens (NFTs), postcards, and a 1000-piece jigsaw puzzle.  Attached hereto as Exhibit 4 are true and correct screen captures of these products.

31. On or about December 5, 2022, Plaintiffs' counsel contacted counsel for Eaton by e-mail, with the goal and intent of amicably resolving this dispute.  Shortly thereafter, Eaton sent a direct message to Rosa on Instagram, stating, "Tryin to shake me down? FUUUUCCKK YOUUUUUUUU."

32. Eaton's counsel subsequently claimed that a different photographer had been hired by Eaton to take photographs of the Audrey Mural after its completion, and that it was this other photographer's photograph that was used for purposes of creating the prints/posters and other products featuring the Audrey Mural.

33. Plaintiff's counsel explained that this could not possibly be true, given the lack of Eaton's signature/logo in the image used for such products, and the fact that Eaton stated to Rosa in a text message dated October 1, 2013 – several weeks after the logo already had been added – that the other photographer had not yet taken any photographs of the mural.  In the same text, Eaton also confirmed that Rosa's Audrey Photo had been used in the "post/info card" for the

mural. Neither Eaton nor his counsel have provided any response to this discrepancy, despite several requests.

34. On February 13, 2023, Plaintiff's counsel sent an e-mail to Eaton's counsel which included an explicit revocation of any/all licenses, express or implied, to Eaton's use of Rosa's photographs, including on Eaton's Website.

35. Despite this explicit revocation and request to cease further use of the photographs on the Website, Eaton continued to display many of Rosa's photographs until approximately July 1, 2023. Upon information and belief, a cropped version of Rosa's Audrey Photo is still being displayed on Eaton's Website to this day.

36. Attached as <u>Exhibit 5</u> are recent screen captures of the Eaton Website displaying such photographs (with redactions for images not taken by Rosa).

37. Upon information and belief, and according to a March 13, 2023, post on Eaton's Instagram account, Eaton intends to publish a book through his own "print shop," Deadpress Publishing, titled "Tristan Eaton: 100 Murals," which includes a cropped version of the Audrey Photo on its cover.

38. According to the social media post, the Deadpress Publishing book "will feature 100 of [Eaton's] favorite works of public art over the last decade."

## <u>COUNT I</u>
## COPYRIGHT INFRINGEMENT

39. Plaintiff repeats and re-alleges each allegation set forth in the paragraphs above as if set forth fully herein.

40. Plaintiff Rosa is the author and copyright owner of the photographs described herein and attached as Exhibits 1-3.

41. Rosa's photographs have been duly registered with the U.S. Copyright Office under Registration Nos. VA 2-331-562; VA 2-337-082; and VA 2-344-754.

42. Defendant infringed Rosa's copyright in and to the Audrey Photo by reproducing, distributing, and selling commercial products that incorporated the photograph without a valid license or permission from Rosa.

43. By making unauthorized copies and/or uses of Rosa's copyrighted photograph, Defendant has unjustly profited from the work and infringed Plaintiff's exclusive rights under Section 106 of the Copyright Act.

44. Despite the explicit revocation of rights sent to Eaton's counsel in February 2023 revoking any prior license to use Rosa's photographs for portfolio/web and social media purposes, Eaton continued to display the photographs without permission on his Website for many months.

## COUNT II
## REQUEST FOR DECLARATORY JUDGMENT

45. Plaintiff repeats and re-alleges each allegation set forth in the paragraphs above as if set forth fully herein.

46. As alleged herein, an actual controversy has arisen involving Defendant's past uses, as well as future intended uses of Plaintiff Rosa's copyrighted works, including Eaton's anticipated Deadpress Publishing book, "Tristan Eaton: 100 Murals."

47. Plaintiffs thus seek a declaratory judgment that Defendants' intended use of Rosa's copyrighted photographs, including the publication/distribution of any new books containing the photographs, or the manufacture and sale of any further products incorporating derivative versions of the photographs, will constitute an infringement of Rosa's copyrights.

48. Plaintiffs further seek a permanent injunction prohibiting Defendants from using or incorporating Plaintiff Rosa's copyrighted works in any commercial products or on his Website.

**WHEREFORE,** Plaintiffs respectfully pray for judgment on their behalf and for the following relief:

1. A permanent injunction prohibiting Defendant from any future use of Plaintiff Rosa's copyrighted photographs at issue herein;

2. All allowable damages under the Copyright Act, in an amount to be determined at trial;

3. A declaratory judgment finding that Defendant's intended future uses of Rosa's photographs will constitute copyright infringement; and

4. For such other and further relief as the Court deems just and proper.

Dated: July 14, 2023

        Respectfully submitted,

        /s/ Nate A. Kleinman
        Nate A. Kleinman (NK3168)
        McCulloch | Kleinman Law
        501 Fifth Avenue, Suite 1809
        New York, New York 10017
        T: (212) 355-6050
        F: (206) 219-6358