UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REYNALDO ROSA, JR., L.I.S.A. PROJECT NYC.<br><br>                Plaintiffs,<br><br>    v.<br><br>TRISTAN EATON.<br><br>                Defendant. | Case No. 1:23-cv-06087-DEH<br><br>**STIPULATED PROTECTIVE ORDER REGARDING ATTORNEYS' EYES ONLY DOCUMENTS** |

**HON. Dale E. Ho, United States District Judge**.

    **WHEREAS,** Plaintiffs Reynaldo Rosa, Jr. and L.I.S.A. Project NYC ("Plaintiffs") served a subpoena on Non-Party Lifetime Brands, Inc. ("Lifetime"); and

    **WHEREAS**, on February 22, 2024, the Court entered a Stipulated Protective Order (Dkt. No. 28) governing the production and use of discovery materials deemed "Confidential"; and

    **WHEREAS,** Plaintiffs' subpoena to Lifetime calls for the production of certain records that include competitively sensitive financial and pricing information; and

    **WHEREAS,** Lifetime has requested, and Plaintiffs and Defendant have agreed to the following provisions with respect to such information; and

    It is hereby **ORDERED** that any person subject to this Order, including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials to Be Designated as Attorneys' Eyes Only**

    1.    This Order shall supplement but not supersede the Stipulated Protective Order, dated February 22, 2024, (Dkt. No. 28), the terms of which shall remain fully in effect.

2. Lifetime shall have the right to designate as "Attorneys' Eyes Only" any information, document, or thing, or portion of any document or thing that contains highly sensitive technical, financial, competitive, or personnel information, which is not generally known by third parties and the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

3. Lifetime shall mark Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

4. Portions of Lifetime's deposition testimony, if any is requested, may be designated as "Attorneys' Eyes Only" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If Lifetime so designates any testimony, the final transcript of the designated testimony shall be bound in a separate volume and marked "Attorneys' Eyes Only Information Governed by Protective Order" by the reporter. Lifetime shall have the right to exclude from attendance at that portion of the deposition any person who is not entitled to receive such information or document pursuant to this Protective Order.

5. If at any time prior to the trial of this action, Lifetime realizes that some portion of Discovery Material that it previously produced without limitation should be designated as "Attorneys' Eyes Only," Lifetime may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Attorneys' Eyes Only under the terms of this Order. In addition, Lifetime shall provide each other

party with replacement versions of such Discovery Material that bears the "Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

6. By agreeing to this stipulation, neither Plaintiffs nor Defendant concede that any Attorneys' Eyes Only designation(s) made by Lifetime are warranted or proper, and each reserves their right to object to and/or challenge such designation(s) in accordance with Paragraph 8 of the Stipulated Protective Order.

**Who May Receive Attorneys' Eyes Only Materials**

7. Any person subject to this Order who receives from Lifetime any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

8. No person subject to this Order, other than Lifetime, shall disclose any Attorneys' Eyes Only Discovery Material to any other person whomsoever, except to:

    (a) The Court, including court personnel, any court exercising appellate jurisdiction over this action, and stenographers transcribing a deposition;

    (b) Outside counsel of record who are signatories to this Protective Order for a party of record in this action and employees of such attorneys and law firms to whom it is necessary that the material be shown for purposes of this action;

    (c) Potential witnesses to the extent the Discovery Material was authored by or addressed to the person or such person is established as knowledgeable of such information or contents of the Discovery Material prior to disclosing the Discovery Material;

(d) Independent experts, consultants, investigators, or advisors of a party of record in this action, and retained by outside counsel to assist in the preparation or trial of this action and to whom it is necessary that the information be disclosed, and who have signed a Declaration in the form of Exhibit A attached;

**Incorporation by Reference of Remaining Terms of February 22, 2024 Stipulated Protective Order**

9. Paragraphs 7 through 17 of the Court's February 22, 2024 Stipulated Protective Order, (Doc. No. 28), relating to, *inter alia*, the filing of Confidential Materials in this Action, Inadvertent Disclosure of Privileged Materials, and obligations with respect to Confidential Materials after the termination of this litigation, are incorporated by reference and shall apply equally to materials designated Attorneys' Eyes Only by Lifetime.

**SO STIPULATED**

For Plaintiffs:

Nathaniel A. Kleinman
McCulloch Kleinman Law
Dated: March 8, 2024

For Defendant:

Angelo DiStefano
Pelosi Wolf Spates LLP
Dated: March 8, 2024

For Non-Party Lifetime Brands, Inc.:

Erica J. Van Loon
Nixon Peabody LLP
Dated: March 8, 2024

(d) Independent experts, consultants, investigators, or advisors of a party of record in this action, and retained by outside counsel to assist in the preparation or trial of this action and to whom it is necessary that the information be disclosed, and who have signed a Declaration in the form of Exhibit A attached;

**Incorporation by Reference of Remaining Terms of February 22, 2024 Stipulated Protective Order**

9. Paragraphs 7 through 17 of the Court's February 22, 2024 Stipulated Protective Order, (Doc. No. 28), relating to, *inter alia*, the filing of Confidential Materials in this Action, Inadvertent Disclosure of Privileged Materials, and obligations with respect to Confidential Materials after the termination of this litigation, are incorporated by reference and shall apply equally to materials designated Attorneys' Eyes Only by Lifetime.

**SO STIPULATED**

| For Plaintiffs: | For Defendant: |
|---|---|
| Nathaniel A. Kleinman<br>McCulloch Kleinman Law<br>Dated: March 8, 2024 | Angelo DiStefano<br>Pelosi Wolf Spates LLP<br>Dated: March 8, 2024 |

For Non-Party Lifetime Brands, Inc.:

Erica J. Van Loon
Nixon Peabody LLP
Dated: March 8, 2024

Dated: March 11, 2024

SO ORDERED.

_____
**Hon. Dale E. Ho**
**United States District Judge**
New York, New York

The parties are reminded that the Court retains discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

5

4891-2088-2347.1